**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| TARA S. KENNY | § | |
| | § | |
| V. | § | A-15-CV-509-AWA |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Complaint seeking reversal of the Social Security Administration's final decision (Dkt. No. 3); Plaintiff's Brief in Support of Claim (Dkt. No. 16); and Defendant's Brief in Support of the Commissioner's Decision (Dkt. No. 17). Also before the Court is the Social Security record filed in this case (cited as "Tr.").

### I. General Background

Plaintiff Tara S. Kenny (Kenny), who was born on April 24, 1990, was twenty-four years old at the time of the ALJ's decision. (Tr. 10, 189). Kenny filed her application for disability insurance benefits on July 17, 2013, alleging a disability onset date of February 1, 2012 (when she was 21 years old). (Tr. 13, 189-197). The Commissioner denied Kenny's application initially and on reconsideration. Kenny requested a hearing before an Administrative Law Judge (ALJ), and the ALJ held an administrative hearing on Kenny's application on January 15, 2015. (Tr. 35-80, 81-103). Kenny, her attorney, and a vocational expert (VE) attended the hearing. Kenny completed almost three years of college but had no past relevant work (Tr. 29, 213).

On February 9, 2015, the ALJ issued a decision denying Kenny's application, finding that although she suffered from PTSD and major depression, Kenny did not have an impairment or combination of impairments that met or equaled the criteria of any listed impairment. (Tr. 20-22).

The ALJ determined that Kenny had the residual functional capacity to perform a full range of work at all exertional levels but found that she was "limited to simple, routine, repetitive tasks requiring dealing with things rather than people; no interaction with crowds or the public; occasional interaction with co-workers, occasional supervision, and no production/rapid pace work." (Tr. 22-28). Although the ALJ found that Kenny had no past relevant work, the ALJ determined that, given her RFC and the VE's testimony, there were jobs that existed in significant numbers in the national economy that Kenny could perform. (Tr. 29-30). Accordingly, the ALJ concluded that Kenny was not disabled under the Act. (Tr. 30). The Appeals Council denied Kenny's requested review of the ALJ's decision, thereby making the ALJ's decision the Commissioner's final decision.

## II.  Legal Standards

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is disabled the Commissioner uses a five-step analysis:

1. a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are;

2. a claimant will not be found to be disabled unless he has a "severe impairment";

3. a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors;

4. a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and

5. if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work.

*Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *see also* 20 C.F.R. § 404.1520. A finding of disability or no disability at any step "is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). The claimant has the burden of proof for the first four steps; however, at step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If the Commissioner "fulfills his burden of pointing out potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* (internal quotation marks omitted).

Judicial review of the Commissioner's final decision under the Social Security Act, 42 U.S.C. § 405(g), is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner applied the correct legal standards. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than a preponderance—in other words, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (internal quotation marks omitted). The Court considers "four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) [the claimant's] age, education, and work history." *Id.* at 174. However, a reviewing court "may not reweigh the evidence, try the issues *de novo*, or substitute [its] judgment for that of the [Commissioner]." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If the Court finds substantial evidence to support the decision, the Court must uphold the decision.

*See Selders*, 914 F.2d at 617 ("If the . . . findings are supported by substantial evidence, they are conclusive and must be affirmed."); *see also* 42 U.S.C. § 405(g).

### III. Analysis

The sole issue Kenny presents for review is whether the ALJ failed to give Kenny's counselor, Paula Storrer (her treating source) the proper weight. (Dkt. No. 16 at 2). Kenny asserts that the ALJ should have used her counselor's opinion to show the severity of Kenny's impairments and how those impairments affect Kenny's ability to function. Kenny cites to Social Security Rulings 06-03p[1] in support of this argument. (Tr. 27-28). The Commissioner asserts that Ms. Storrer's opinion was not entitled to any deference because a Licensed Professional Counselor is not an "acceptable medical source." 20 C.F.R. § 416.913(a). Additionally, the Commissioner argues that the ALJ properly discounted Ms. Storrer's opinion to the extent it was unsupported by or conflicted with the other record evidence. (Dkt. No. 17 at 5).

On January 7, 2015, Paula Storrer, a Licensed Professional Counselor Intern, submitted a Medical Source Statement (Tr. 376-77) and a letter to Kenny's attorney. (Tr. 378). In the Medical Source Statement of Ability to Do Work-Related Activities (Tr. 376-77), Storrer stated that Kenny has the following limitations:

- moderate limitations in the ability to understand and remember short, simple instructions;

- marked difficulty (serious limitations, ability severely limited but not precluded) in the ability to carry out short, simple instructions;

---

[1] SSR 06–03p provides the Commissioner "may also use" evidence from sources other than acceptable medical sources to show the severity of a claimant's impairments and how these affect the ability to work.

- extreme limitation (major limitations, no useful ability to function in this area) in the ability to understand and remember detailed instructions;
- marked limitation in the ability to make judgments on simple work related decisions;
- marked limitation in ability to interact appropriately with the public;
- extreme limitation in ability to interact appropriately with supervisor(s) and co-workers;
- extreme limitation in the ability to respond appropriately to work pressures in a usual work setting; and
- marked limitation in ability to respond appropriately to changes in a routine work setting.

*Id.* Storrer's letter to Kenny's attorney elaborates on this, stating:

> Tara Kenny has been my client from January 2013 until January 2015. . . . Many of the features of PTSD have caused great difficulty for Miss Kenny to find and maintain employment. Often her anxiety and need to avoid places and activities will keep Miss Kenny homebound and unable to pursue job opportunities or maintain a consistent employment record. Miss Kenny's symptoms of hyper vigilance, outbursts of anger, and irritability consistently create an intolerable workplace. Her PTSD also causes her feelings of detachment and estrangement from others in the work environment. Many times these actions will lead to job loss because of a disagreement with a coworker who does not understand Miss Kenny's mental illness. In my professional opinion, maintaining employment is the most difficult and dangerous task for Miss Kenny. Throughout her employment history it has be [sic] proven that she is not able to manage her PTSD symptoms over the long term and eventually leaves or is fired from each job. I trust this continual cycle of short-term employment and unemployment will lead to her mental disorder becoming more prevalent. This prognosis ensures that Miss Kenny's ability to function in daily life will continue to diminish.

(Tr. 378). In addition to the letter and source statement, Kenny also submitted Storrer's treatment notes, and a copy of Storrer's license. (Tr. 379-398). Kenny asserts that this evidence is sufficient to show that Kenny is disabled.

Only certain medical sources are considered "acceptable" sources for demonstrating the existence of an impairment. *See* 20 C.F.R. §§ 404.1502, 404.1512; and 416.902, 416.913 (listing acceptable medical sources as licensed physicians, psychologists, podiatrists, and speech-language pathologists). And "[o]nly 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical opinions may be entitled to controlling weight." *Thibodeaux v. Astrue*, 324 F. App'x 440, 445 (5th Cir. 2009). As pointed out by the Commissioner, Ms. Storrer, as a Licensed Professional Counselor is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a) (excluding therapists from the list of acceptable medical sources); *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005) ("A therapist is not an 'acceptable medical source' to establish 'a medically determinable impairment.'"). Accordingly, the ALJ was not required to give Ms. Storrer's opinion about Ms. Kenny's medically determinable impairment the weight he or she would give to the opinion of an acceptable medical source.

Additionally, even if Storrer did qualify as an acceptable medical source, some of her conclusions are not considered medical opinions because they are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.* that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. To the extent that

Ms. Storrer opined that Kenny was unable to work or that she qualified for benefits, the ALJ properly discounted this opinion. (Tr. 28).

Because Storrer's opinions are not entitled to treatment as "acceptable medical opinions," they fall into the category of "other medical evidence." "In determining what weight to give 'other medical evidence,' the ALJ has more discretion than when considering the opinion of an acceptable medical source, and is permitted to consider any inconsistencies found within the record." *Lacroix v. Barnhart*, 465 F.3d 881, 887 (8th Cir. 2006). The Fifth Circuit has held that conflicts in the evidence are for the Commissioner, not the courts, to resolve. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). In this case, the ALJ rejected Ms. Storrer's opinion because the ALJ found it was not well supported by her treatment notes and the record as a whole. (Tr. 28); 20 C.F.R. § 416.927(c)(3) & (4) (supportability and consistency). The ALJ may reject an opinion when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 175 (5th Cir. 1995).

In this case, the ALJ relied on the opinion of Dr. Erin Scarth, a licensed psychologist, who qualifies as an acceptable medical source. (Tr. 290-96). Dr. Scarth interviewed and performed a consultative exam of Kenny on November 7, 2013. Dr. Scarth reported that during the interview, Kenny's thoughts were "coherent, logical, and goal oriented. She did not demonstrate loose associations, tangential or circumstantial speech, or flight of ideas." (Tr. 293). Dr. Scarth also found that Kenny was oriented as to person place and time and that her immediate and working memory both appeared intact, although she failed to recall one of three words in the delayed memory test. Dr. Scarth reported that Kenny demonstrated adequate attention and concentration and that her understanding of abstract ideas was average. Dr. Scarth further reported that Kenny demonstrated adequate judgment and insight and no deficits in reading and writing. Dr Scrath's report states that

"Ms. Kenny reported that she can independently perform all activities of daily living as evidenced by her daily schedule, living stability, and managing her own finances." *Id.* The report also states that "Ms. Kenny reported very little social functioning. She indicated that she has a boyfriend whom she lives with and spends all her time. She stated she cannot go anywhere without him." *Id.*

Dr. Scarth opined that Kenny could understand, carry out, and remember simple instructions and some complex instructions. These findings directly contradict Ms. Storrer's opinion that Kenny had moderate, marked, and extreme limitations with understanding, carrying out and remembering simple and detailed instructions. (Tr. 376). Under the caselaw and regulations in this area, the ALJ was entitled to give less weight to Ms. Storrer's opinion of Kenny's limitations, given that Dr. Scarth reached contradictory findings. The ALJ also discounted Ms. Storrer's opinions because she found the conclusions Storrer laid out in the Medical Source Statement form (Tr. 376-77), were not supported by her treatment notes, which the ALJ complained consisted of words and broken phrases rather than sentences. (Tr. 391-98). Additionally, the ALJ questioned Ms. Storrer's credibility, as her stated length of treatment of Ms. Kenny was not supported in her own treatment notes. (Tr. 28).

The ALJ also questioned the claim that Kenny was housebound and was reliant on her boyfriend if she did venture from her home. (Tr. 59). Kenny testified the she had not left her home without her boyfriend for "a couple of years." (Tr. 59). The ALJ noted that record supports that Kenny appeared for her appointment with Dr. Scarth on her own, and traveled there by bus. (Tr. 23). Additionally, Kenny testified that she attended Austin Community College for two and a half years until she withdrew in the middle of the Spring semester. (Tr. 50-51). The ALJ pointed out that nothing in the record reflects that her boyfriend accompanied her to classes and in fact the record reflects that he had a job and supported Kenny financially. (Tr. 23). Additionally, the ALJ noted

8

that none of the notes reflect that Kenny was accompanied during any of her treatment, therapy, or counseling sessions.  *Id.*  Moreover, the ALJ noted that Kenny reported to Ms. Storrer that she met a man on Craigslist with whom she was meeting in person and developing a relationship.  Based on all of this evidence, the ALJ concluded that the record did not support Kenny's statements that she was socially isolated and unable to leave her home alone, and this undermined the reliability of Storrer's conclusions based on Kenny's claims.  *Id.*

An "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000) (citing various cases for support).  On appeal, "[t]he [proper] inquiry [ ] is whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached by the ALJ." *Id.*  An ALJ must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his conclusions regarding the evidence. *Armstrong v. Sullivan*, 814 F. Supp 1364, 1373 (W.D. Tex 1993).  Here, the record supports that the ALJ reviewed in great detail, considered, and discussed all the record evidence, including the evidence supporting Kenny's diagnoses of severe PTSD and major depression, when making her decision. (Tr.10-34).  Although the ALJ gave some evidence less weight, she gave extensive reasons for her decision to do so.  (Tr. 15-20).  The Court finds that the ALJ did not "pick and choose" the evidence that supports her position as Kenny contends; but rather, the ALJ properly considered all the evidence.

Plaintiff alleges in a footnote that the ALJ erred because she did not make a finding that Plaintiff could maintain employment and perform work on a sustained basis. (Dkt. No. 16 at 8).  An affirmative finding that an individual can maintain employment is necessary only when an

individual's "ailment waxes and wanes in its manifestation of disabling symptoms." *See Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). Absent such a showing, the ALJ's RFC assessment includes the determination that an individual can maintain employment. *See Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). "It is not enough for a claimant to assert, in general, that the impairment waxes and wanes; the claimant must demonstrate that her particular impairment waxes and wanes." *Thornhill v. Colvin*, 2015 WL 232844 (N.D. Tex. Jan.16, 2015). Kenny failed to make any showing that her impairment "waxes and wanes," and thus this argument fails.

Finally, Kenny alleges in another footnote that she meets Listing 12.06. (Dkt. No 16 at 5, *citing* 20 C.F.R. Pt. 404, Subpt. P, App'x 1. § 12.06). Kenny failed to develop this argument and has, therefore, waived it. *See Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) ("Failure adequately to brief an issue on appeal constitutes waiver of that argument"); *L & A Contracting Co. v. S. Concrete Servs.*, Inc., 17 F.3d 106, 113 (5th Cir. 1994) (finding a waiver of argument on appeal because of no citation to authority and inadequate briefing). Moreover, the findings from Dr. Scarth's consultative examination do not support such a finding (Tr. 290-96), and thus the ALJ's determination is supported by the evidence in the record.

## IV.  Conclusion

In summary, the Court finds that the ALJ applied the proper legal standards to Kenny's case, and that her findings are supported by substantial evidence in the record. The decision of the Commissioner of the Social Security Administration is therefore AFFIRMED.

SIGNED this 6th day of April, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE